# UNITED STATES DISTRICT COURT
# NORTHERN DISTRICT OF INDIANA

| | |
|---|---|
| JASON BARTLEY, | ) |
| | ) |
| Plaintiff, | ) |
| | ) CAUSE NO.: 3:14-CV-2001-TLS |
| v. | ) |
| | ) |
| INDIANA DEPARTMENT OF | ) |
| CHILD SERVICES, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## OPINION AND ORDER

Jason Bartley, a prisoner proceeding *pro se*, filed an amended complaint under 42 U.S.C. § 1983 [ECF No. 8].

The court must review the complaint and dismiss it if the action is frivolous or malicious, fails to state a claim for relief, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915A. To survive dismissal, the complaint must state a claim for relief that is plausible on its face. *Bissessur v. Ind. Univ. Bd. of Trs.*, 581 F.3d 599, 602–03 (7th Cir. 2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. at 603. Thus, the plaintiff "must do better than putting a few words on paper that, in the hands of an imaginative reader, might suggest that something has happened to her that might be redressed by the law." *Swanson v. Citibank, N.A.*, 614 F.3d 400, 403 (7th Cir. 2010). Nevertheless, the court must bear in mind that "a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quotation marks and citations omitted).

To state a claim under 42 U.S.C. § 1983, the plaintiff must allege that: (1) the defendants deprived him of a federal constitutional right; and (2) the defendants acted under color of state law. *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006).

Here, Bartley's children were deemed by the Indiana courts to be children in need of services (CHINs), and Bartley was required to participate in various services and counseling offered by the Indiana Department of Child Services (IDCS). Case Manager David Whitlock (CM Whitlock) was Bartley's IDCS case manager. During one of those counseling sessions with CM Whitlock, Bartley admitted using illegal drugs. As part of the CHINs case, Bartley agreed to submit to drug screening. Bartley was informed that the test results would be used as baseline assessment evaluations of his CHINs needs and that only IDCS would have access to the results. One of Bartley's drug screens tested positive for illegal substances.

Bartley was on probation during this time. Probation officer Jennifer Feterick (Officer Feterick), from the Clinton County Probation Department, served as Bartley's probation officer. CM Whitlock told Bartley that the Clinton County Probation Department had contacted him and requested Bartley sign a waiver giving them access to his drug test results. Bartley told CM Whitlock that he was advised by his attorney not to give consent for the probation department to receive any information that has to do with the CHINs case. Bartley did not give CM Whitlock permission to disclose the results of his drug screen. Nevertheless, CM Whitlock shared both Bartley's admission of illegal drug use and his drug screen results with Officer Feterick.

Officer Feterick informed the Clinton County Superior Court that Bartley violated the terms of probation in his criminal case, citing Bartley's admission to using illegal drug screens and the failed drug screen. Based on this information, the Clinton Superior Court found that

2

Bartley had violated his probation. As a result, a warrant was issued for Bartley's arrest and he was incarcerated. Bartley pleaded guilty to the probation violation and was sentenced to four years imprisonment. Bartley sought post-conviction relief complaining that the evidence implicating him with having violated his probation was inadmissible because it was confidential. This was denied and his sentence was upheld.

Here, Bartley alleges that CM Whitlock and Officer Feterick conspired to and then did violate his Fourth and Fourteenth Amendment right to privacy and confidentiality when CM Whitlock shared Bartley's admission of drug use and drug screen results with Officer Feterick. An individual's "right to privacy embodied in the Fourteenth Amendment protects an individual's interest of avoiding disclosure of personal matters and the right to make important decisions in the area of marriage, procreation, contraception, family relationships and child rearing and education without the interference of government." *Roach v. City of Evansville*, 111 F.3d 544, 550 (7th Cir. 1997) (citing *Whalen v. Roe*, 429 U.S. 589, 600–01 (1977)). Courts have also defined a "certain zone of privacy or expectation of privacy in the Fourth Amendment search and seizure context." *Id.* However, none of those rights are implicated by Bartley's Complaint.

Instead, Bartley claims to have a privacy interest in the nondisclosure of his drug test results and admissions obtained in conjunction with an ongoing CHINs case. The Court is persuaded that there is nothing unconstitutional about CM Whitlock sharing information regarding Bartley's drug use with Officer Feterick. As a threshold matter, the dissemination of information concerning one's illegal drug use is typically not encompassed by any constitutional right of confidentiality. *Mangels v. Pena*, 789 F.2d 836 (10th Cir. 1986). Moreover, in Indiana,

3

the records from a CHINs case can be released to law enforcement agencies without a court order. Ind. Code § 31-39-2-6.5; 31-39-9-1. In addition, Indiana Code section 31-39-2-12 provides that records from a CHINs proceeding "may [] be used in criminal . . . proceedings in accordance with the law of evidence." Here, CM Whitlock released the records of Bartley's drug use to the Officer Feterick in connection with a criminal proceeding. Under Indiana law, these records were already open and available to Officer Feterick and the Clinton County Probation Department. Bartley cannot have a right to privacy action against CM Whitlock for disclosing information to Officer Feterick that Officer Feterick had a right to obtain on her own.

As a final matter, the fact that Bartley was on probation, his drug screen results were relevant to the terms of his probation, and that this information was shared with his probation officer even further extinguishes any constitutional privacy claim. It is common and acceptable for governmental agencies to work together and share information. *Douglas v. State*, 950 N.E.2d 33 (Ind. Ct. App. 2011) (citing *Monroe v. State*, 899 N.E.2d 688, 691 (Ind. Ct. App. 2009). And, frequently information of this sort is disclosed to probation officers. *United States v. Smith*, 992 F. Supp. 743 (D.N.J. 1998). As Judge Easterbrook noted in a concurrence in *Green v. Berge*, persons on probation have a diminished right to privacy:

> One common condition of release is submission to tests for drugs, without the need for person-specific suspicion. . . . And if such an incremental invasion is required: well, it is beyond dispute that conditions of release related to enforcing the criminal laws are valid, because refraining from new crime is one vital condition of parole.

*Green v. Berge*, 354 F.3d 675, 680 (7th Cir. 2004).

Ultimately, Bartley had no constitutional right to keep his illegal drug use from his probation officer. Thus, this claim must be dismissed. Further, Bartley cannot maintain his claim

4

that Whitlock and Feterick conspired to violate his privacy rights under § 1983 because he has no claim under the constitutional privacy rights in the first place. *Hopkins v. Springfield Housing Auth.*, 592 Fed. Appx. 528, 530 (7th Cir. 2015) (citing *Logan v. Wilkins*, 644 F.3d 577, 583 (7th Cir. 2011)).

Next, Bartley brings suit against his appointed public defender for not objecting to the admission of evidence of his drug usage during the violation of probation hearing in the underlying criminal case. Bartley cannot maintain a § 1983 claim against his appointed public defender, Richard Langston. The Constitution only protects against acts of defendants acting under color of state law, *Savory v. Lyons*, 469 F.3d 667, 670 (7th Cir. 2006), and the Supreme Court has held that "a public defender does not act under color of state law when performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding." *Polk Cnty v. Dodson*, 454 U.S. 312, 325 (1981). Accordingly, this claim must be dismissed.

Finally, Bartley brings suit against both the Clinton County Probation Department and the Indiana Department of Children Services, asserting they should be liable for the actions of their employees, Feterick and Whitlock, respectively. As a threshold matter, the Indiana Department of Family and Children Services Office must be dismissed because it is a State agency. *See MCI Telecommunications Corp. v. Ill. Commerce Comm'n*, 183 F.3d 558, 563 (7th Cir. 1999) (The Eleventh Amendment precludes lawsuits in federal court against a State agency for money damages except under circumstances not applicable here). Moreover, there is no general *respondeat superior* liability under 42 U.S.C. § 1983, and neither employer cannot be held liable simply by virtue of the fact that it employed the individuals involved in this case. *Chavez v. Ill. State Police*, 251 F.3d 612, 651 (7th Cir. 2001). Therefore, both the Clinton

County Probation Department and the Indiana Department of Children Services must be dismissed.

It appears that Bartley is also raising a privacy claim based on Indiana state law. (ECF No. 8 at 18.) Even though he has not stated a viable Fourth or Fourteenth Amendment claim, he may have some remedy available under state law since "[s]tates are free to protect privacy more comprehensively than the [U.S. Constitution] commands." *Greenawalt v. Ind. Dep't of Corr.*, 397 F.3d 587, 591 (7th Cir. 2005). Because the federal claims must be dismissed, the court declines to exercise supplemental jurisdiction over Bartley's remaining state law claims. 28 U.S.C. § 1367(c)(3); *Capeheart v. Terrell*, 695 F.3d 681, 686 (7th Cir. 2012). Accordingly, Bartley's state law claims are dismissed without prejudice and he is free to pursue those in state court.

For these reasons, the federal claims contained in the Amended Complaint (ECF No. 8) are **DISMISSED WITH PREJUDICE** pursuant to 28 U.S.C. § 1915A, and the state law claims are **DISMISSED WITHOUT PREJUDICE**.

SO ORDERED on June 8, 2015.

     s/ Theresa L. Springmann  
THERESA L. SPRINGMANN  
UNITED STATES DISTRICT COURT  
FORT WAYNE DIVISION